Rosen, Kantrow & Dillon, PLLC
*Attorneys for David J. Doyaga, Trustee*
38 New Street
Huntington, New York 11743
631 423 8527
Avrum J. Rosen
Kimberly I. Berson

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| RALPH GINDI, | Case No.: 15-42684-ess |
| Debtor. | |

-----------------------------------------------------------x

DAVID J. DOYAGA AS TRUSTEE OF
THE ESTATE OF RALPH GINDI,

        Plaintiff,

                      Adv. Pro. No.: 16-01157-ess

  -against-

ZACHARY GINDI,

        Defendant.
-----------------------------------------------------------x

## STIPULATION OF SETTLEMENT

**THIS STIPULATION OF SETTLEMENT** ("Stipulation"), by and between David J. Doyaga, Sr., the Chapter 7 Trustee for the Estate of Ralph Gindi and the Plaintiff in the above-captioned adversary proceeding (the "Plaintiff"), by and through his attorneys, Rosen, Kantrow and Dillon, PLLC and Defendant Zachary Gindi (the "Defendant"), by and through his attorney, Robert Rimberg, Esq., hereby represent and agree as follows:

**WHEREAS**, on June 5, 2015, Ralph Gindi, the debtor herein (the "Debtor") filed a voluntary petition for relief from his creditors, pursuant to chapter 7 of title 11 of the United States Code; and

1

**WHEREAS,** David J. Doyaga, Sr. was appointed the interim trustee (the "Trustee") and thereafter did duly qualify as the permanent case Trustee;

**WHEREAS,** on or about September 7, 2016, Plaintiff commenced an adversary proceeding against the Defendant, upon the filing of a complaint, seeking to recover the value of the equity in certain real property that Plaintiff alleged was fraudulently conveyed from the Debtor to Defendant pursuant to 11 U.S.C. Sections 544 and 550 and Section 273 *et. seq*. of New York's Debtor and Creditor Law;

**WHEREAS**, in an effort to resolve any and all issues in connection with the above-referenced adversary proceeding without need for engaging in time consuming and expensive litigation, the Parties, engaged in negotiations to settle the issues prior to Defendant filing an answer to the complaint; and

**WHEREAS**, the Parties have reached a settlement which the Parties believe is fair and reasonable.

**NOW THEREFORE, IT IS HEREBY AGREED AND STIPULATED, BY AND BETWEEN COUNSEL FOR THE RESPECTIVE PARTIES HERETO AS FOLLOWS:**

1. Defendant shall pay to Plaintiff the sum of Forty-Two Thousand Five Hundred Dollars ($42,500.00) (the "Settlement Sum") by tendering a bank or certified check made payable to David J. Doyaga, Sr., as Chapter 7 Trustee and sent to Rosen, Kantrow & Dillon, PLLC, 38 New Street, Huntington, New York 11743, in full and complete satisfaction and settlement of the above-referenced adversary proceeding.

2. The Settlement Sum shall be paid to the Trustee on or before the date that the Court enters the Order authorizing and approving of this Stipulation pursuant to 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3. In the event that Defendant tenders the Settlement Sum to Plaintiff prior to the date that the Court enters the Order authorizing and approving of this Stipulation, Plaintiff shall hold the Settlement Sum in his segregated Trustee account until such time as the Bankruptcy Court enters a final, non-appealable and non-appealed Order approving of the Stipulation pursuant to Rule 9019 of the Bankruptcy Rules.

4. In the event that the Bankruptcy Court declines to enter an Order pursuant to Bankruptcy Rule 9019 authorizing the Plaintiff to enter into and approving of the Stipulation, Plaintiff shall return the Settlement Sum to the Defendant. In such case, Plaintiff shall be entitled to continue the prosecution of this action.

5. Plaintiff, by his counsel, shall file and serve a motion seeking authorization to settle the above-captioned adversary proceeding and to approve this Stipulation (the "Motion") within a reasonable time after he receives a fully executed copy of this Stipulation.

6. In the event of Defendant defaults in making the payment required under this Stipulation, the Plaintiff shall serve by Certified Mail, Return Receipt Requested upon counsel for Defendant, a Notice to Cure, which Notice to Cure shall specify the default and provide not less than seven (7) days from the date of the Notice to Cure for Defendant to cure said default.

7. Upon such failure to cure said default due within seven (7) days of the date of the Notice to Cure, Defendant shall be deemed to have defaulted under the Stipulation and there shall be no further opportunity to cure said default and Defendant consents to the entry of an Order and Judgment in the amount of $400,000.00, upon the filing of an affirmation of noncompliance by Plaintiff's counsel.

8. Upon entry of the Order authorizing Plaintiff to enter into and approving of this

Settlement and receipt of the Settlement Sum, Plaintiff (the "Plaintiff Released Party") hereby releases and forever discharges Defendant (the "Defendant Released Party") from any and all actions, causes of action, suits, debts dues, sums of money, accounts, controversies, agreements, promises, variances, trespasses, damages, judgments, abstracts of judgments, liens, executions, claims and demands whatsoever, in law, admiralty or equity, which Plaintiff ever had, now has or hereafter can, shall or may have against Defendant Released Party for or related to the claims in connection with the above-referenced adversary proceeding and Defendant Released Party hereby releases and forever discharges Plaintiff Released Party from any and all actions, causes of action, suits, debts dues, sums of money, accounts, controversies, agreements, promises, variances, trespasses, damages, judgments, abstracts of judgments, liens, executions, claims and demands whatsoever, in law, admiralty or equity, which Defendant ever had, now has or hereafter can, shall or may have against Plaintiff for or related to the claims in connection with the above-referenced adversary proceeding and this bankruptcy estate.

9. This Stipulation represents a fully integrated agreement by and among the Parties. This Stipulation represents the entire understanding and agreement by and among the Parties and may not be altered and/or modified except by a writing executed by each Party to this Stipulation.

10. The terms and conditions contained herein are subject to approval of the Bankruptcy Court. In the event that the Bankruptcy Court enters an order denying approval of this Stipulation, or if any order approving this Stipulation is reversed, vacated, or modified by any court of competent jurisdiction, this Stipulation shall be null and void and of no further force and effect.

11. Each party shall be solely responsible for the costs and attorneys' fees associated

with this Stipulation.

12. The Bankruptcy Court shall retain jurisdiction over this matter and this Stipulation to determine any disputes that may arise hereunder and to enforce the terms and conditions contained herein.

13. The Parties hereto may sign this Stipulation in multiple counterparts, by e-mail and/or facsimile transmission, each of which shall be deemed an original and all of which together shall be considered one and the same instrument.

14. Each person or entity that executes this Stipulation represents and warrants (in the case of the Plaintiff-Trustee, subject to Bankruptcy Court approval) that he, she, or it is duly authorized to execute this Stipulation, has the requisite authority to bind the person or entity on whose behalf it executes this Stipulation, and that such person or entity has full knowledge of and has consented to this Stipulation. The representations and warranties of this section shall survive this Stipulation.

Dated: Huntington, New York
     November 1, 2016              Rosen, Kantrow & Dillon, PLLC
                                           Attorneys for the Plaintiff

                                BY:    */s/ Avrum J. Rosen*
                                            Avrum J. Rosen
                                            38 New Street
                                            Huntington, New York 11743
                                            631 423 8527

Dated: New York, New York
     November 16, 2016            Robert Rimberg, Esq.
                                           Attorney for Defendant
                                By:    */s/Efrem Schwalb*
                                            Robert Rimberg
                                            Efrem Schwalb
                                            115 Broadway, Ste. 302
                                            New York, New York 10006
                                            (212) 697-3250